## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IRDETO USA, INC., and IRDETO B.V., | Case No. _____ |
| Plaintiffs, | JURY TRIAL DEMANDED |
| vs. | |
| SZ DJI TECHNOLOGY CO., LTD., | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Irdeto B.V. and its subsidiary Irdeto USA, Inc. (collectively "Irdeto" or "Plaintiffs") for their Complaint against Defendant SZ DJI Technology Co., Ltd., ("DJI" or "Defendant"), allege as follows.

## NATURE OF THE CLAIMS

1. This is an action for declaratory judgment of patent noninfringement under 28 U.S.C. §§ 2201 and 2202.

2. Irdeto and DJI are involved in numerous ongoing patent litigations in the European Union, China, and United States. DJI has filed numerous lawsuits against Irdeto alleging Irdeto's infringement of DJI's patents which are not practiced by Irdeto's products or product offerings.

3.     To gain leverage in those other litigations, DJI has also asserted that Irdeto infringes numerous DJI patents related to the H.266/HEVC video standard. In connection with those allegations, DJI alleges Irdeto infringes at least twenty-five United States patents related to the H.266/HEVC video standard (collectively, and as further defined below, the "Asserted Patents.")

4.     DJI claims that the "Irdeto hybrid middleware" infringes the Asserted Patents and has aggressively sought to license its patents to Irdeto.

5.     DJI's pattern of aggressive litigation around the world, coupled with its claims that Irdeto products infringe the Asserted Patents, has created the expectation that DJI will file suit alleging infringement of the Asserted Patents.

6.     Irdeto does not make, use, offer to sell, or sell any product that infringes the Asserted Patents.

7.     Accordingly, Irdeto brings this action seeking a declaration that it does not infringe DJI's Asserted Patents, U.S. Patent Nos. 11,350,124; 11,363,294; 11,381,839;   11,490,118;   11,490,120;   11,871,032;   11,936,847;   11,949,911; 11,949,912;   11,997,254;   11,997,312;   12,069,252;   12,231,696;   12,294,736; 12,294,737;   12,294,738;   12,389,030;   12,407,814,   12,363,311,   12,155,856, 12,041,231, 11,871,004, 11,743,482, 11,689,736, and 11,178,420.

## THE PARTIES

8.     Plaintiff Irdeto B.V. is a Dutch private limited liability company, having its principal place of business at Taurusavenue 105, 2132 LS, Hoofddorp, The Netherlands.

9.     Plaintiff Irdeto USA, Inc. a Delaware corporation, having its principal place of business at 35 W. Huron Street, Suite 501, Pontiac, Michigan.

10.     Defendant SZ DJI Technology Co., Ltd. is a Chinese limited corporation, having its principal place of business at DJI Sky City, No. 55, Xianyuan Road, Nanshan District, Shenzhen, China.

## JURISDICTION AND VENUE

11.     Plaintiffs' claims arise under the patent laws of the United States, 35 U.S.C. § 1 et. seq. and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

12.     This Court has exclusive original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act. This Court has subject matter jurisdiction over Plaintiffs' declaratory judgment claims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq. because an immediate and substantial controversy exists between Irdeto and DJI with respect to whether Irdeto is infringing or has infringed the Asserted Patents based on DJI's communications with Irdeto and further based on DJI's assertion of claims for

patent infringement of the Asserted Patents in attempted licensing discussions with Irdeto.

13.     Upon information and belief, DJI transacts and conducts business in this District and in the State of Michigan and is subject to the personal jurisdiction of this Court. Upon information and belief, DJI has minimum contacts within the State of Michigan and this District and has purposefully availed itself of the privileges of conducting business in the State of Michigan by directing a broad range of business activities at this district. In addition, residents of this district have used services and products offered or sold by DJI. In addition, DJI has targeted the business operations of Irdeto in the United States in this judicial district through allegations that Irdeto's products and services marketed and sold by Irdeto USA, Inc., from this judicial district, infringe the Asserted Patents.

14.     Alternatively, this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2) because the claims arise under federal law, Defendant has not shown that it is subject to jurisdiction in any state's courts of general jurisdiction, and Defendant's contacts with the United States as a whole are such that exercising jurisdiction is consistent with the United States Constitution.

15.     With respect to declaratory judgment, there is an actual and justiciable controversy between Irdeto and DJI as to the Asserted Patents based on DJI's assertion of the Asserted Patents, threats to Irdeto, and course of communications

and actions against Irdeto. For example, just days after identifying the Asserted Patents, DJI filed suit for infringement of different patents (addressing different technology) in the Eastern District of Texas and would later take various actions in China (on still other patents).

16.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue occurred in this judicial district, and because Defendant is subject to personal jurisdiction within this judicial district.

17.    As further set forth below, DJI's demands and the underlying assertions and threats of infringement of the Asserted Patents threaten injury to Irdeto and have created an actual and substantial controversy between Irdeto and DJI.

## CONTROVERSY BETWEEN THE PARTIES

18.    Irdeto is a world leader in digital platform cybersecurity.

19.    An actual and justiciable controversy exists between Irdeto and DJI as to whether Irdeto infringes the Asserted Patents.

20.    On April 15, 2025, Irdeto filed claims for patent infringement against DJI in a Statement of Claim filed with the Unified Patent Court in the European Union. In its Statement of Claim, Irdeto alleged that drones sold by DJI practiced

security inventions of Irdeto's EP2831787 patent.[1]

21.    On October 20, 2025, DJI sent email correspondence to Irdeto identifying the Asserted Patents together with claims that Irdeto needed to take a license to the DJI patents. *See* Exhibit A ("DJI believes that Irdeto needs to take a license of DJI VVC Patents for Irdeto Products, in order to continue and develop the relevant business.").

22.    Attached to DJI's email correspondence was letter correspondence dated October 20, 2025, which claimed that certain Irdeto products, such as the RealTek RTD1319D included video codec functionality that infringed the H.266/HEVC video standard. *See* Exhibit B.

23.    Also attached to DJI's email correspondence was a spreadsheet with a number of DJI patents (referred to as the "DJI VVC Patents"). *See* Exhibit C.

24.    DJI asserted that this list of patents is exemplary of DJI VVC Patents, which DJI claimed are essential to the Versatile Video Coding (VVC)/H.266 standard. *See* Exhibit A.

25.    DJI's correspondence of October 20, 2025, demanded that Irdeto take

---

[1] DJI drones are banned in the United States, having been declared an "unacceptable risk[]" to the security of the United States. *See* Exhibit EE (Trump Administration Declares Foreign-Made Drones a Security Threat, Barring New DJI Models From U.S., N.Y. Times, Dec. 22, 2025, at A1 (available at *https://www.nytimes.com/2025/12/22/us/dji-drones-china-barred-us.html*). DJI drones do not face such a ban in the European Union where Irdeto's Statement of Claim was filed before the Unified Patent Court.

a license to the DJI VVC Patents, which list includes the Asserted Patents. *See* Exhibit B. According to DJI, "Irdeto needs to take a license of DJI VVC Patents for Irdeto Products, in order to continue and develop the relevant business." *See* Exhibit A.

26.     On October 24, 2025, DJI filed suit against Irdeto in the Eastern District of Texas, asserting that certain Irdeto products infringed DJI's U.S. Patent Nos. 10,116,785; 11,119,474; 11,184,474; and 11,482,121 (collectively, the "EDTX Patents"). *See* Exhibit CC.

27.     On November 5, 2025, DJI filed a complaint against Irdeto in China. *See* Exhibit DD.

28.     Irdeto explained to DJI that DJI had not provided any claim chart explaining how any Irdeto product practiced any of the Asserted Patents. Irdeto noted in correspondence to DJI that Irdeto respects the patent rights of others.

29.     On November 26, 2025, DJI sent further correspondence. *See* Exhibit D. This correspondence claimed that RealTek RTD1319D products used Irdeto Hybrid Middleware and that such RealTek RTD1319D products were compatible with the H.266/HEVC video standard. *Id.* DJI claimed that its "SEP portfolio is implemented in [Irdeto] products," namely the Irdeto Hybrid Middleware (the "Accused Product"), and sought to compel licensing discussions with Irdeto. *See id.*

30.     DJI attached 5 claim charts to its correspondence of November 26,

2025. *See* Exhibits E, F, G, H, I. Each claim chart purports to show how the subject

patent is practiced by the H.266/HEVC video standard. On information and belief,

DJI intended the claim charts to illustrate how Irdeto's products infringe all of the

DJI VVC Patents. According to DJI, these exemplary claim charts should "further

clarify how [DJI's] SEP portfolio is implemented in your products." *See* Exhibit D.

31.    DJI alleges that the Accused Products implement the H.266/HEVC

video standard and thus practice the inventions of all the Asserted Patents. Exhibit

D. DJI stated:

> As requested, we have verified that Realtek Semiconductor's
> RTD1319D SoC platform employs Irdeto Hybrid Middleware. It is
> compatible with Android TV and RDK, supports the new VVC/H.266
> codec, along with 4K HDR, 3D, and HDMI 2.1a capabilities.
>
> Related links:
>
> https://rdkcentral.com/realtek-and-irdeto-develop-rdk-and-
> android-tv-hybrid-soc-with-vvc-support/
>
> https://irdeto.com/news/realtek-and-irdeto-jointly-develop-rdk-
> and-android-tv-hybrid-set-top-box
>
> For example, the following two set-top box products have implemented
> VVC/H.266 standard-essential patents by utilizing the RTD1319D
> chip, which includes Irdeto Products.
>
> (i) Vivensis VX Smart
> (ii) Dafeng 大大寬頻 TV STB

*See* Exhibit D; *see also* Exhibit J.

32.    DJI attached a claim chart purporting to show how the H.266/HEVC

video standard allegedly practiced the invention of Chinese Patent No. CN110419217B. *See* Exhibit E. DJI claimed that Irdeto practices the invention of Chinese Patent No. CN110419217B, *see* Exhibit E, and the materials provided to Irdeto identified thirteen U.S. patent family members which DJI contended are practiced by the Accused Products, including Asserted Patents U.S. Patent Nos. 11,350,124; 11,363,294; 11,381,839; 11,490,118; 11,490,120; 11,871,032; 11,949,911; 11,949,912; 11,997,312; 12,294,736; 12,294,737; 12,294,738; and 12,389,030. *See* Exhibit C. Irdeto does not need a license to these patents because none of Irdeto's products practice any invention of the Asserted Patents.

33.    DJI attached a claim chart purporting to show how the H.266/HEVC video standard allegedly practices the invention of Chinese Patent No. CN111357288B. *See* Exhibit F. DJI claimed that Irdeto practices the invention of Chinese Patent No. CN111357288B. *See* Exhibit F. Irdeto does not need a license to this patent because none of Irdeto's products practice any invention of the Asserted Patents.

34.    DJI attached a claim chart purporting to show how the H.266/HEVC video standard allegedly practices the invention of European Patent No. 3905684B1. *See* Exhibit G. DJI claimed that Irdeto practices the invention of European Patent No. 3905684, *see* Exhibit G, and identified three U.S. patent family members which DJI contended are practiced by the Accused Products, including

Asserted Patents U.S. Patent Nos. 11,936,847; 11,997,254; and 12,407,814. *See* Exhibit C. Irdeto does not need a license to these patents because none of Irdeto's products practice any invention of the Asserted Patents.

35.    DJI attached a claim chart purporting to show how the H.266/HEVC video standard allegedly practices the invention of U.S. Patent No. 12,069,252. *See* Exhibit H. DJI claimed that Irdeto practices the invention of U.S. Patent No. 12,069,252. *Id.* Irdeto does not need a license to this patent because none of Irdeto's products practice any invention of the Asserted Patents.

36.    DJI attached a claim chart purporting to show how the H.266/HEVC video standard allegedly practices the invention of U.S. Patent No. 12,231,696. *See* Exhibit I. DJI claimed that Irdeto practices the invention of U.S. Patent No. 12,231,696. *Id.* Irdeto does not need a license to this patent because none of Irdeto's products practice any invention of the Asserted Patents.

37.    DJI's claim charts are exemplary to show how the H.266/HEVC video standard allegedly practices the inventions of all of the VVC Patents. Irdeto does not need a license to any VVC Patent because none of Irdeto's products practice any invention of the Asserted Patents.

38.    DJI alleged that the H.266/HEVC video standard practices the inventions of all the Asserted Patents.

## COUNT 1:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 11,350,124

39.    Irdeto incorporates herein by reference paragraphs 1-38.

40.    A true and correct copy of U.S. Patent No. 11,350,124 (the "'124 Patent") is attached as Exhibit K.

41.    The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

42.    The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

43.    Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

44.    Irdeto has not infringed and does not infringe any claim of the '124 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '124 Patent  because they do not meet at least the following limitations of independent claims 1, 7, and 13: "determining, according to an identifier, an image before a current frame in time sequence as a long-term reference image"; "a processor configured to execute the instructions to . . . determine, according to an identifier, an image before a current frame in time sequence as a long-term reference image";

or "a processor configured to execute the instructions to . . . perform a first search near an image block pointed to by the first initial motion vector in the first reference image, and obtaining a first corrected motion vector based on an image block found by the first search." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '124 Patent.

45.     As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '124 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '124 Patent.

46.     Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 2:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 11,363,294

47.     Irdeto incorporates herein by reference paragraphs 1-38.

48.     A true and correct copy of U.S. Patent No. 11,363,294 (the "'294 Patent") is attached as Exhibit L.

49.     The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

50.     The RealTek RTD1319D has never been sold to any customer in the

United States with "Irdeto hybrid middleware," as alleged by DJI.

51.    Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

52.    Irdeto has not infringed and does not infringe any claim of the '294 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '294 Patent  because they do not meet at least the following limitations of independent claims 1, 10, and 17: "determining, according to an identifier, an image before a current frame in time sequence as a long-term reference image"; "a processor configured to execute the instructions to . . . determine, according to an identifier, an image before a current frame in time sequence as a long-term reference image"; or "a processor configured to execute the instructions to . . . in response to determining the reference image to be a long-term reference image, performing prediction for the current coding unit according to the initial motion vector without correcting the initial motion vector." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '294 Patent.

53.    As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '294 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the

respective rights and duties of the parties with respect to the '294 Patent.

54.     Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 3:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 11,381,839

55.     Irdeto incorporates herein by reference paragraphs 1-38.

56.     A true and correct copy of U.S. Patent No. 11,381,839 (the "'839 Patent") is attached as Exhibit M.

57.     The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

58.     The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

59.     Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

60.     Irdeto has not infringed and does not infringe any claim of the '839 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '839 Patent  because they do not meet at least the following limitations of independent

claims 1, 2, and 3: "[a] video processing method comprising . . . determining a first initial motion vector and a second initial motion vector of a current image block having a size of 64×64 pixels, the first initial motion vector pointing to a first reference image that is a forward frame of a current image containing the current image block, the second initial motion vector pointing to a second reference image that is a backward frame of the current image, and a distance from the first reference image to the current image being same as a distance from the second reference image to the current image"; "a processor configured to execute the instructions to: determine a first initial motion vector and a second initial motion vector of a current image block having a size of 64×64 pixels, the first initial motion vector pointing to a first reference image that is a forward frame of a current image containing the current image block, the second initial motion vector pointing to a second reference image that is a backward frame of the current image, and a distance from the first reference image to the current image being same as a distance from the second reference image to the current image"; or "determining a first initial motion vector and a second initial motion vector of a current image block having a size of 64×64 pixels, the first initial motion vector pointing to a first reference image that is a forward frame of a current image containing the current image block, the second initial motion vector pointing to a second reference image that is a backward frame of the current image, and a distance from the first reference image to the current

15

image being same as a distance from the second reference image to the current image." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '839 Patent.

61.    As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '839 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '839 Patent.

62.    Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 4:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 11,490,118

63.    Irdeto incorporates herein by reference paragraphs 1-38.

64.    A true and correct copy of U.S. Patent No. 11,490,118 (the "'118 Patent") is attached as Exhibit N.

65.    The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

66.    The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

67.    Irdeto has never shipped to any customer in the United States any

16

software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

68.     Irdeto has not infringed and does not infringe any claim of the '118 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '118 Patent  because they do not meet at least the following limitations of independent claims 1, 2, and 3: "[a] video processing method comprising . . . determining a specific neighboring image block in the image and spatially neighboring to the one of the one or more coding units, a reference image of the specific neighboring image block being same as a co-located reference image of the one of the one or more coding units"; "a processor configured to execute the instructions to . . . determine a specific neighboring image block in the image and spatially neighboring to the one of the one or more coding units, a reference image of the specific neighboring image block being same as a co-located reference image of the one of the one or more coding units"; or "[a] non-transitory computer-readable storage medium storing a bitstream obtained by a method comprising . . . determining a specific neighboring image block in the image and spatially neighboring to the one of the one or more coding units, a reference image of the specific neighboring image block being same as a co-located reference image of the one of the one or more coding units." For at least the foregoing reasons, Irdeto does not infringe any independent

claim or dependent claim of the '118 Patent.

69.     As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '118 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '118 Patent.

70.     Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 5:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 11,490,120

71.     Irdeto incorporates herein by reference paragraphs 1-38.

72.     A true and correct copy of U.S. Patent No. 11,490,120 (the "'120 Patent") is attached as Exhibit O.

73.     The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

74.     The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

75.     Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

76.    Irdeto has not infringed and does not infringe any claim of the '120 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '120 Patent  because they do not meet at least the following limitations of independent claims 1, 2, and 3: "[a] video processing method comprising . . . determining a specific neighboring image block in the current image and spatially neighboring to one coding unit of the one or more coding units, a reference image of the specific neighboring image block being same as a co-located reference image of the one coding unit"; "a processor configured to execute the instructions to . . . determine a specific neighboring image block in the current image and spatially neighboring to one coding unit of the one or more coding units, a reference image of the specific neighboring image block being same as a co-located reference image of the one coding unit"; or "[a] non-transitory computer-readable storage medium storing a bitstream obtained by a method comprising . . . determining a specific neighboring image block in the current image and spatially neighboring to one coding unit of the one or more coding units, a reference image of the specific neighboring image block being same as a co-located reference image of the one coding unit." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '120 Patent.

77.    As set forth above, an actual controversy exists between Irdeto and DJI

with respect to infringement of the '120 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '120 Patent.

78.    Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 6:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 11,871,032

79.    Irdeto incorporates herein by reference paragraphs 1-38.

80.    A true and correct copy of U.S. Patent No. 11,871,032 (the "'032 Patent") is attached as Exhibit P.

81.    The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

82.    The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

83.    Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

84.    Irdeto has not infringed and does not infringe any claim of the '032 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For

example, Irdeto's software and services do not infringe any claims of the '032 Patent because they do not meet at least the following limitations of independent claims 1, 4, and 7: "[a]n image motion compensation method comprising . . . obtaining initial motion vectors (MVs) of a current image block, the initial MVs including a first initial MV and a second initial MV"; "at least one processor individually or collectively configured to access the at least one memory and execute the instructions to . . . obtain initial motion vectors (MVs) of a current image block, the initial MVs including a first initial MV and a second initial MV"; or "[a] non-transitory computer-readable storage medium storing a bitstream obtained by an image motion compensation method including . . . obtaining initial motion vectors (MVs) of a current image block, the initial MVs including a first initial MV and a second initial MV." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '032 Patent.

85.     As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '032 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '032 Patent.

86.     Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 7:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 11,936,847

87. Irdeto incorporates herein by reference paragraphs 1-38.

88. A true and correct copy of U.S. Patent No. 11,936,847 (the "'847 Patent") is attached as Exhibit Q.

89. The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

90. The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

91. Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

92. Irdeto has not infringed and does not infringe any claim of the '847 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '847 Patent because they do not meet at least the following limitations of independent claims 1, 12, and 15: "[a] bitstreams generating method comprising . . . performing prediction for the plurality of image blocks according to the historical motion information candidate list"; "a processor configured to execute the instructions to . . . encode or decode the plurality of image blocks according to the historical

motion information candidate list"; or "a processor configured to execute the instructions to . . . encode or decode each of the plurality of first image blocks according to the historical motion information candidate list." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '847 Patent.

93.    As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '847 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '847 Patent.

94.    Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 8:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 11,949,911

95.    Irdeto incorporates herein by reference paragraphs 1-38.

96.    A true and correct copy of U.S. Patent No. 11,949,911 (the "'911 Patent") is attached as Exhibit R.

97.    The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

98.    The RealTek RTD1319D has never been sold to any customer in the

23

United States with "Irdeto hybrid middleware," as alleged by DJI.

99.    Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

100.    Irdeto has not infringed and does not infringe any claim of the '911 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '911 Patent because they do not meet at least the following limitations of independent claims 1, 8, and 15: "[a] video processing method comprising . . . in response to the left neighboring block satisfying a preset condition . . . determining, in a collocated frame of the current image block, a related block of one sub-block of the one or more sub-blocks using a motion vector of the left neighboring block as a motion offset, the preset condition including that a reference image of the left neighboring block is same as the collocated frame of the current image block"; "a memory storing instructions that, when executed by the processor, cause the processor to . . . in response to the left neighboring block satisfying a preset condition . . . determine, in a collocated frame of the current image block, a related block of one sub-block of the one or more sub-blocks using a motion vector of the left neighboring block as a motion offset, the preset condition including that a reference image of the left neighboring block is same as the collocated frame of the current image block"; or

"[a] non-transitory computer-readable storage medium storing bitstream obtained by an encoding method including . . . in response to the left neighboring block satisfying a preset condition . . . determining, in a collocated frame of the current image block, a related block of one sub-block of the one or more sub-blocks using a motion vector of the left neighboring block as a motion offset, the preset condition including that a reference image of the left neighboring block is same as the collocated frame of the current image block." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '911 Patent.

101.    As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '911 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '911 Patent.

102.    Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 9:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 11,949,912

103.    Irdeto incorporates herein by reference paragraphs 1-38.

104.    A true and correct copy of U.S. Patent No. 11,949,912 (the "'912

Patent") is attached as Exhibit S.

105.    The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

106.    The RealTek RTD1319D hase never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

107.    Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

108.    Irdeto has not infringed and does not infringe any claim of the '912 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '912 Patent because they do not meet at least the following limitations of independent claims 1, 9, and 10: "[a] video image processing method comprising . . . in response to a reference image of a target neighboring block of the current image block being same as a reference image of the current image block, determining related blocks of the sub-blocks in a collocated frame of the current image block according to a motion vector of the target neighboring block"; "a processor configured to execute the instructions to . . . in response to a reference image of a target neighboring block of the current image block being same as a reference image of the current image block, determine related blocks of the sub-blocks in a collocated frame of the

current image block according to a motion vector of the target neighboring block";

or "[a] non-transitory computer-readable storage medium storing encoded data

obtained by a video encoding method including . . . in response to a reference image

of a target neighboring block of the current image block being same as a reference

image of the current image block, determining related blocks of the sub-blocks in a

collocated frame of the current image block according to a motion vector of the

target neighboring block." For at least the foregoing reasons, Irdeto does not

infringe any independent claim or dependent claim of the '912 Patent.

109.    As set forth above, an actual controversy exists between Irdeto and DJI

with respect to infringement of the '912 Patent, and this controversy is likely to

continue. Accordingly, Irdeto desires a judicial determination and declaration of the

respective rights and duties of the parties with respect to the '912 Patent.

110.    Such a declaration is necessary and appropriate at this time in order that

the parties may ascertain their respective rights and duties with respect to the matters

set forth above.

### COUNT 10:
### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 11,997,254

111.    Irdeto incorporates herein by reference paragraphs 1-38.

112.    A true and correct copy of U.S. Patent No. 11,997,254 (the "'254

Patent") is attached as Exhibit T.

113.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

114.   The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

115.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

116.   Irdeto has not infringed and does not infringe any claim of the '254 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '254 Patent because they do not meet at least the following limitations of independent claims 1, 11, and 16: "[a] bitstreams generating method comprising . . . encoding a plurality of first image blocks in a first region of a current frame according to the historical motion information candidate list to generate bitstreams, the bitstreams including one or more indexes of motion information"; "a processor configured to execute the instructions to . . . encode a plurality of first image blocks in a first region of a current frame according to the historical motion information candidate list"; or "a processor configured to execute the instructions to . . . obtain a historical motion information candidate list [and] decode the plurality of first image blocks in a first region of a current frame according to the historical motion information

candidate list." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '254 Patent.

117.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '254 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '254 Patent.

118.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 11:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 11,997,312

119.   Irdeto incorporates herein by reference paragraphs 1-38.

120.   A true and correct copy of U.S. Patent No. 11,997,312 (the "'312 Patent") is attached as Exhibit U.

121.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

122.   The RealTek RTD1319D have never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

123.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to

29

the H.266/HEVC video standard.

124.   Irdeto has not infringed and does not infringe any claim of the '312 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '312 Patent because they do not meet at least the following limitations of independent claims 1, 9, and 17: "[a] video encoding method comprising . . . performing prediction on the current image block according to the motion vectors of the current image block"; or "[a] bitstream generating method comprising . . . encoding the current image block according to the motion vectors of the current image block to obtain a bitstream." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '312 Patent.

125.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '312 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '312 Patent.

126.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

**COUNT 12:**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**OF U.S. PATENT NO. 12,069,252**

127.    Irdeto incorporates herein by reference paragraphs 1-38.

128.    A true and correct copy of U.S. Patent No. 12,069,252 (the "'252 Patent") is attached as Exhibit V.

129.    The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

130.    The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

131.    Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

132.    Irdeto has not infringed and does not infringe any claim of the '252 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '252 Patent because they do not meet at least the following limitations of independent claims 1, 7, and 12: "[a] video encoding method, comprising . . . encoding images of an image sequence to generate a bitstream of the image sequence, wherein in the bitstream, different identifiers in a picture header are each configured to indicate whether a corresponding chrominance component of two chrominance components

31

of one image in the bitstream is filtered by adaptive loop filtering (ALF), the ALF being not a cross-component ALF (CC-ALF) filter"; or "[a] video decoding method comprising . . . determining, according to the identifiers corresponding to the two chrominance components, whether the two chrominance components of the image are filtered using ALF, the ALF being not a cross-component ALF (CC-ALF) filter"; or "[a] non-transitory computer-readable storage medium storing bitstream data obtained according to a video encoding method comprising . . . wherein the bitstream data includes syntax elements of an image level, and the syntax elements of the image level includes different identifiers in a picture header each configured to indicate whether a corresponding chrominance component of two chrominance components of one image of the image sequence is filtered using adaptive loop filtering (ALF), the ALF being not a cross-component ALF (CC-ALF) filter." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '252 Patent.

133. As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '252 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '252 Patent.

134. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters

set forth above.

## COUNT 13:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 12,231,696

135.   Irdeto incorporates herein by reference paragraphs 1-38.

136.   A true and correct copy of U.S. Patent No. 12,231,696 (the "'696 Patent") is attached as Exhibit W.

137.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

138.   The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

139.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

140.   Irdeto has not infringed and does not infringe any claim of the '696 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '696 Patent because they do not meet at least the following limitations of independent claims 1, 10, and 12: "[a] loop filtering method comprising . . . encoding the clip index parameters by using a non-exponential Golomb encoding method"; "[a] loop filtering method comprising . . . decoding the bitstream to obtain clip index

parameters of the loop filter by using a non-exponential Golomb decoding method";

or "[a] bitstream generating method comprising . . . encoding the clip index

parameters by using a non-exponential Golomb encoding method to generate a

bitstream." For at least the foregoing reasons, Irdeto does not infringe any

independent claim or dependent claim of the '696 Patent.

141.    As set forth above, an actual controversy exists between Irdeto and DJI

with respect to infringement of the '696 Patent, and this controversy is likely to

continue. Accordingly, Irdeto desires a judicial determination and declaration of the

respective rights and duties of the parties with respect to the '696 Patent.

142.    Such a declaration is necessary and appropriate at this time in order that

the parties may ascertain their respective rights and duties with respect to the matters

set forth above.

<u>**COUNT 14:**</u>
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**OF U.S. PATENT NO. 12,294,736**

143.    Irdeto incorporates herein by reference paragraphs 1-38.

144.    A true and correct copy of U.S. Patent No. 12,294,736 (the "'736

Patent") is attached as Exhibit X.

145.    The Accused Products do not contain Irdeto software code modules that

practice the H.266/HEVC video standard.

146.    The RealTek RTD1319D has never been sold to any customer in the

United States with "Irdeto hybrid middleware," as alleged by DJI.

147.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

148.   Irdeto has not infringed and does not infringe any claim of the '736 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '736 Patent because they do not meet at least the following limitations of independent claims 1, 10, and 19: "[a] video processing method comprising . . . in response to the left neighboring block satisfying a preset condition . . . determining a motion vector of the one sub-block according to a motion vector of the related block of the one sub-block, to perform encoding/decoding on the one sub-block of the current image block"; "[a] video processing device comprising . . . one or more memories storing instructions that, when executed by the one or more processors, cause the one or more processors to . . . in response to the left neighboring block satisfying a preset condition . . . determine, in a collocated frame of the current image block, a related block of one sub-block of the one or more sub-blocks using a motion vector of the left neighboring block as a motion offset, the preset condition including that a reference image of the left neighboring block is same as the collocated frame of the current image block"; or "[a] bitstream generating method including . . . in

35

response to the left neighboring block satisfying a preset condition . . . determining a motion vector of the one sub-block according to a motion vector of the related block of the one sub-block, to perform encoding on the one sub-block of the current image block to generate bitstreams." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '736 Patent.

149.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '736 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '736 Patent.

150.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 15:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 12,294,737

151.   Irdeto incorporates herein by reference paragraphs 1-38.

152.   A true and correct copy of U.S. Patent No. 12,294,737 (the "'737 Patent") is attached as Exhibit Y.

153.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

154.   The RealTek RTD1319D has never been sold to any customer in the

United States with "Irdeto hybrid middleware," as alleged by DJI.

155.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

156.   Irdeto has not infringed and does not infringe any claim of the '737 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '737 Patent because they do not meet at least the following limitations of independent claims 1, 13, and 20: "[a] video image processing method comprising . . . in response to a target neighboring block of the current image block satisfying a preset condition, determining related blocks of the sub-blocks in a collocated frame of the current image block according to a motion vector of the target neighboring block"; "at least one processor configured to execute the instructions to . . . in response to a target neighboring block of the current image block satisfying a preset condition, determine related blocks of the sub-blocks in a collocated frame of the current image block according to a motion vector of the target neighboring block"; or "[a] bitstream generating method including . . . in response to a target neighboring block of the current image block satisfying a preset condition, determining related blocks of the sub-blocks in a collocated frame of the current image block according to a motion vector of the target neighboring block." For at least the foregoing reasons,

Irdeto does not infringe any independent claim or dependent claim of the '737 Patent.

157.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '737 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '737 Patent.

158.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 16:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 12,294,738

159.   Irdeto incorporates herein by reference paragraphs 1-38.

160.   A true and correct copy of U.S. Patent No. 12,294,738 (the "'738 Patent") is attached as Exhibit Z.

161.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

162.   The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

163.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to

the H.266/HEVC video standard.

164.   Irdeto has not infringed and does not infringe any claim of the '738 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '738 Patent because they do not meet at least the following limitations of independent claims 1, 13, and 20: "[a] video encoding method comprising . . . determining motion vectors of a current image block according to the first base motion vector, the second base motion vector, and the two motion vector offsets"; "[a] video decoding method comprising . . . determining motion vectors of a current image block according to the first base motion vector, the second base motion vector, and the two motion vector offsets"; or "[a] bitstream generating method comprising . . . determining motion vectors of a current image block according to the first base motion vector, the second base motion vector, and the two motion vector offsets." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '738 Patent.

165.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '738 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '738 Patent.

166.   Such a declaration is necessary and appropriate at this time in order that

the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 17:
### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 12,389,030

167.   Irdeto incorporates herein by reference paragraphs 1-38.

168.   A true and correct copy of U.S. Patent No. 12,389,030 (the "'030 Patent") is attached as Exhibit AA.

169.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

170.   The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

171.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

172.   Irdeto has not infringed and does not infringe any claim of the '030 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '030 Patent because they do not meet at least the following limitations of independent claims 1, 8, and 15: "[a] video processing method comprising . . . in response to the first reference image and the second reference image being both short-term

reference images, calculating a motion offset of a current image block based on gradients at sampling points pointed to by the first initial MV and the second initial MV, and calculating a predicted image block of the current image block based on the motion offset of the current image block"; "at least one processor individually or collectively configured to access the at least one memory and execute the instructions to . . . in response to the first reference image and the second reference image being both short-term reference images, calculate a motion offset of a current image block based on gradients at sampling points pointed to by the first initial MV and the second initial MV, and calculate a predicted image block of the current image block based on the motion offset of the current image block"; or "[a] bitstream generation method comprising . . . in response to the first reference image and the second reference image being both short-term reference images, calculating a motion offset of a current image block based on gradients at sampling points pointed to by the first initial MV and the second initial MV, and calculating a predicted image block of the current image block based on the motion offset of the current image block." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '030 Patent.

173.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '030 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the

respective rights and duties of the parties with respect to the '030 Patent.

174.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 18:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 12,407,814

175.   Irdeto incorporates herein by reference paragraphs 1-38.

176.   A true and correct copy of U.S. Patent No. 12,407,814 (the "'814 Patent") is attached as Exhibit BB.

177.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

178.   The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

179.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

180.   Irdeto has not infringed and does not infringe any claim of the '814 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '814 Patent because they do not meet at least the following limitations of independent

claims 1, 12, and 15: "[a] bitstreams generating method comprising . . . encoding the plurality of image blocks according to the historical motion information candidate list"; "at least one processor configured to execute the instructions to . . . obtain a historical motion information candidate list, wherein the historical motion information candidate list is used for encoding each of a plurality of image blocks included in a region of a current frame"; or "[a] device comprising . . . at least one processor configured to execute the instructions to . . . obtain a historical motion information candidate list, wherein the historical motion information candidate list is used for encoding each of a plurality of image blocks included in a region of a current frame." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '814 Patent.

181.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '814 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '814 Patent.

182.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 19:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 12,363,311

183.    Irdeto incorporates herein by reference paragraphs 1-38.

184.    A true and correct copy of U.S. Patent No. 12,363,311 (the "'311 Patent") is attached as Exhibit FF.

185.    The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

186.    The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

187.    Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

188.    Irdeto has not infringed and does not infringe any claim of the '311 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '311 Patent because they do not meet at least the following limitations of independent claims 1, 8, and 15: "[a] video image encoding method comprising: binarizing a chrominance prediction mode of an image block of a to be encoded image to obtain a bit string"; or "using mutually independent probability models to respectively encode the first bit and the second bit"; or "[a] non-transitory computer-readable

44

storage medium storing instructions that, when executed by a processor for performing by an encoding method to produce a bitstream comprising: binarizing a chrominance prediction mode of an image block." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '311 Patent.

189.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '311 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '311 Patent.

190.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 20:
### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 12,155,856

191.   Irdeto incorporates herein by reference paragraphs 1-38.

192.   A true and correct copy of U.S. Patent No. 12,155,856 (the "'856 Patent") is attached as Exhibit GG.

193.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

194.   The RealTek RTD1319D has never been sold to any customer in the

United States with "Irdeto hybrid middleware," as alleged by DJI.

195.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

196.   Irdeto has not infringed and does not infringe any claim of the '856 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '856 Patent because they do not meet at least the following limitations of independent claims 1, 6, and 11: "[a] video image processing method comprising: determining a current image block"; "constructing a motion information candidate list for the current image block"; "turning off a temporal motion vector prediction (TMVP operation"; "encoding the current image block"; "decoding the current image block"; determining a relevant bloc of the current image block"; "determining the temporal candidate motion vector of the current image block"; or "[a] non-transitory computer-readable storage medium storing bitstreams, the bitstreams being encoded via a process." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '856 Patent.

197.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '856 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the

respective rights and duties of the parties with respect to the '856 Patent.

198.    Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 21:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 12,041,231

199.    Irdeto incorporates herein by reference paragraphs 1-38.

200.    A true and correct copy of U.S. Patent No. 12,041,231 (the "'231 Patent") is attached as Exhibit HH.

201.    The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

202.    The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

203.    Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

204.    Irdeto has not infringed and does not infringe any claim of the '231 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '231 Patent because they do not meet at least the following limitations of independent

claims 1, 7, and 11: "[a]n in-loop filtering method comprising: determining a target filter for a chrominance component of a current block of an image"; "determining target filter coefficients for the chrominance component"; "filtering the chrominance component"; "determining a filtered chrominance component"; "decoding . . . an index of a target filter from a stream, the target filter being an ALF filter adopted by a chrominance component of a current block of an image"; "performing filtering on the chrominance component . . ."; "encoding according to the filtered chrominance component of the current block to generate a bitstream"; "wherein a syntax element for indicating the total number of the plurality of cross-components ALF filters is only located in an adaption parameter set syntax of the image, and not present in an image header and/or a slice header." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '231 Patent.

205.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '231 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '231 Patent.

206.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 22:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 11,871,004

207. Irdeto incorporates herein by reference paragraphs 1-38.

208. A true and correct copy of U.S. Patent No. 11,871,004 (the "'004 Patent") is attached as Exhibit II.

209. The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

210. The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

211. Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

212. Irdeto has not infringed and does not infringe any claim of the '004 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '004 Patent because they do not meet at least the following limitations of independent claims 1, 6, and 17: "[a] video image processing method"; "[a] video image processing device"; or [a] non-transitory computer-readable storage medium storing a bitstream obtained by a processor executing a computer program to . . . binarize a chrominance prediction mode of an image block of a to be encoded or decoded

49

image"; or "use mutually independent probability models to respectively encode or decode the first bit and the second bit." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '004 Patent.

213.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '004 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '004 Patent.

214.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 23:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 11,743,482

215.   Irdeto incorporates herein by reference paragraphs 1-38.

216.   A true and correct copy of U.S. Patent No. 11,743,482 (the "'482 Patent") is attached as Exhibit JJ.

217.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

218.   The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

219.   Irdeto has never shipped to any customer in the United States any

software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

220.   Irdeto has not infringed and does not infringe any claim of the '482 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '482 Patent because they do not meet at least the following limitations of independent claims 1, 7, and 13: "[a] video image processing method"; or "[a] non-transitory computer-readable storage medium storing data that includes coding information related to a video, the coding information being encoded into the data via a process including: determining a current image block"; "skipping an advanced/alternative temporal motion vector prediction (ATMVP) operation"; "skipping a temporal motion vector prediction (TMVP) operation"; or "encoding the current image block." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '482 Patent.

221.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '482 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '482 Patent.

222.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters

set forth above.

## COUNT 24:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 11,689,736

223.   Irdeto incorporates herein by reference paragraphs 1-38.

224.   A true and correct copy of U.S. Patent No. 11,689,736 (the "'736 Patent") is attached as Exhibit KK.

225.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

226.   The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

227.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

228.   Irdeto has not infringed and does not infringe any claim of the '736 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '736 Patent because they do not meet at least the following limitations of independent claims 1, 6, and 11: "[a] video image processing method"; or "[a] non-transitory computer-readable storage medium storing data that includes coding information related to a video, the coding information being encoded into the data via a process

including: determining a current image block"; "skipping a temporal motion vector prediction (TMVP) operation"; "encoding the current image block"; or "decoding the current image block." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '736 Patent.

229.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '736 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '736 Patent.

230.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT 25:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 11,178,420

231.   Irdeto incorporates herein by reference paragraphs 1-38.

232.   A true and correct copy of U.S. Patent No. 11,178,420 (the "'420 Patent") is attached as Exhibit LL.

233.   The Accused Products do not contain Irdeto software code modules that practice the H.266/HEVC video standard.

234.   The RealTek RTD1319D has never been sold to any customer in the United States with "Irdeto hybrid middleware," as alleged by DJI.

235.   Irdeto has never shipped to any customer in the United States any software code modules or middleware that encodes or decodes video according to the H.266/HEVC video standard.

236.   Irdeto has not infringed and does not infringe any claim of the '420 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Irdeto's software and services do not infringe any claims of the '420 Patent because they do not meet at least the following limitations of independent claims 1, 7, and 13: "[a] video image processing method comprising"; "[a]n encoder comprising"; or "[a] decoder comprising"; "determining a current image block"; "turning off temporal motion vector prediction (TMVP) operation in response to a number of pixels of the current image block"; or "turning off advance/alternative temporal motion vector prediction (ATMVP) operation in response to a width of the current image block." For at least the foregoing reasons, Irdeto does not infringe any independent claim or dependent claim of the '420 Patent.

237.   As set forth above, an actual controversy exists between Irdeto and DJI with respect to infringement of the '420 Patent, and this controversy is likely to continue. Accordingly, Irdeto desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '420 Patent.

238.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters

set forth above.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully pray that the Court enter judgment in their favor and award the following relief against Defendant:

A.     A judgment and declaration that Plaintiffs have not infringed and do not infringe in any manner any claim of the Asserted Patents, directly, contributorily, or by inducement, and have not otherwise infringed or violated any rights of Defendant in the Asserted Patents;

B.     An injunction against Defendant and its affiliates, subsidiaries, assigns, employees, agents, and/or anyone acting in privity or concert with Defendant from charging infringement or instituting any legal action for infringement of the Asserted Patents against Plaintiffs or anyone acting in privity with Plaintiffs, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors, and customers of Plaintiffs;

C.     A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs to an award of their reasonable attorneys' fees, expenses, and costs in this action;

D.     An award to Plaintiffs of their costs and reasonable expenses to the fullest extent permitted by law; and

E.     An award of such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial on all matters triable to a jury.

DATED: February 6, 2026          Respectfully submitted,

/s/David L. Atallah
David L. Atallah (P73403)
CARLSON GASKEY OLDS, P.C.
400 W. Maple Rd., Ste. 350
Birmingham, MI 48009
Telephone: (248) 988-8360
Email: datallah@cgolaw.com

-and-

Brian N. Platt (*attorney admission forthcoming*)
bplatt@wnlaw.com
Ryan C. Morris (*attorney admission forthcoming*)
rmorris@wnlaw.com
WORKMAN | NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800

*Counsel for Plaintiffs Irdeto USA, Inc.  and Irdeto B.V.*